UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RFP LLC,                                                         :

                       Plaintiff/                                      :
                       Counterclaim Defendant,
                                                                       :

    -against-
                                                                       :

SCVNGR, INC.,                                                    :

                       Defendant/
                       Counterclaim Plaintiff.          :
------------------------------------------------------------------------x   10 Civ. 8159 (DLC)
SCVNGR, INC.,                                                    :

                       Third-Party Plaintiff,           :

    -against-                                                    :

BARRY ROSENBLOOM,                                                :

                       Third-Party Defendant.           :
------------------------------------------------------------------------x

## JOINT STATEMENT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Plaintiff RFP LLC ("RFP") and Third-Party Defendant Barry Rosenbloom ("Rosenbloom"), and counsel for Defendant/Counterclaim Plaintiff/Third-Party Plaintiff SCVNGR, Inc. ("SCVNGR") (collectively, the "Parties"), have conferred to discuss, among other things: (1) the nature and basis of their claims and defenses; (2) the possibility for a prompt settlement or resolution of this case; (3) arranging for the disclosures required by Rule 26(a)(1); (4) issues about preserving discoverable information; and (4) a proposed motion schedule and discovery plan. The Parties respectfully submit the following Joint Statement under Rule 26(f)(3). To the extent that the Parties disagree, each party's proposal is set out separately.

B3828488.1

**I.      Rule 26(f)(3)(A): Initial Disclosures**

The Parties do not foresee the need for any changes to the timing, form, or requirement for disclosures under Rule 26(a), except that the Parties have stipulated to exchange Initial Disclosures under Rule 26(a)(1) on January 12, 2011.

**II.     Rule 26(f)(3)(B): Discovery**

   **A.     Subjects on which Discovery may be Needed**

The Parties currently anticipate that discovery may be needed on all subjects relevant to the asserted claims and defenses of the Parties, which may include, without limitation, the following:

1. the factual bases of SCVNGR's alleged trademark infringement and RFP's other claims against SCVNGR;

2. the factual bases of RFP's alleged abandonment of its trademark and SCVNGR's counterclaims against RFP;

3. the factual bases of SCVNGR's third-party claims against Rosenbloom;

4. the amount of any damages incurred by RFP or SCVNGR as a result of the actions of the other;

5. the amount of any damages incurred by SCVNGR as a result of the actions of Rosenbloom;

6. all matters pertinent to any of the Parties' affirmative defenses; and

7. any and all other subjects falling within the scope of discovery pursuant to Rule 26.

B3828488.1

**B.     Proposed Discovery Schedules**

The Parties disagree on the schedule for discovery.  The Parties' respective proposals are detailed below.

**1.     SCVNGR's Proposed Schedule**

SCVNGR believes that discovery in this case should be bifurcated to first address SCVNGR's claim that RFP has abandoned its trademark.  Bifurcation on this issue likely will lead to early resolution of this litigation and will conserve the resources of the Parties and the Court.  Under SCVNGR's proposal, the Parties would conduct discovery on SCVNGR's claim of abandonment and then would address any remaining claims during a second phase of discovery if the case is not settled or resolved by a dispositive motion.  A summary of SCVNGR's proposed schedule for discovery and motion practice appears in part III.  SCVNGR's proposed discovery deadlines are listed below.

**a.  Fact Discovery:** The Parties will complete fact discovery on the issue of whether RFP has abandoned its trademark by **May 6, 2011**.  Any remaining fact discovery will commence thereafter and will conclude by **October 3, 2011**.

**b.  Disclosure of Initial Expert Witnesses and Reports:** Each party will disclose the names, employers, and business addresses of all expert witnesses who will testify at trial on issues upon which that party bears the burden of proof, will serve initial expert reports, and will provide all other information as required by Rule 26(a)(2) on or before **November 7, 2011**.

**c.  Close of Expert Discovery:** The Parties will complete expert discovery by **January 9, 2012**.

2. **RFP/Rosenbloom's Proposed Discovery Schedule**

RFP/Rosenbloom do not believe that bifurcation of discovery should be ordered in this action. A summary of RFP/Rosenbloom's proposed schedule for discovery and motion practice appears in Part III. RFP/Rosenbloom's proposed discovery deadlines are listed below.

   a. Motions to add parties or amend pleadings, if any, to be filed no later than February 28, 2011.

   b. **Fact Discovery:** The Parties will complete all fact discovery by **August 12, 2011**.

   c. **Disclosure of Initial Expert Witnesses and Reports:** Each party will disclose the names, employers, and business addresses of all expert witnesses who will testify at trial on issues upon which that party bears the burden of proof, will serve initial expert reports, and will provide all other information as required by Rule 26(a)(2) on or before **September 16, 2011**.

   d. **Close of Expert Discovery:** The Parties will complete expert discovery by **October 31, 2011**.

C. **Rule 26(f)(3)(C): Electronically Stored Information**

The Parties do not foresee any particular issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, for the Court to address.

D. **Rule 26(f)(3)(E): Changes to Limitations on Discovery**

The Parties do not foresee the need for any changes in the limitations on discovery imposed under the Rules or by Local Rule or for any other limitations.

- 4 -

B3828488.1

- 5 -

E. **Rule 26(f)(3)(F) and Rule 26(f)(3)(D): Orders Under Rule 26(c) or Rule 16(b)-(c) and Privilege and Trial-Preparation Materials**

The Parties anticipate that they will submit a Joint Motion for a Protective Order to the Court proposing procedures (incorporating ¶ 4(A) of the Court's Individual Practices) for the Parties to follow (1) to protect each party's confidential commercial information that may be disclosed in discovery; and (2) to assert claims of privilege and/or of protection as trial-preparation materials after production.

III. **Proposed Schedules for Filing Motions and Joint Pre-Trial Order**

A. **SCVNGR's Proposal for Discovery and Motion Deadlines**

Motions to amend the pleadings, including to join additional parties, shall be filed no later than **August 1, 2011**.  Dispositive motions shall be filed no later than **February 6, 2012**. Under SCVNGR's proposed discovery plan, SCVNGR anticipates that it may file a motion to resolve whether RFP has abandoned its trademark during or near the conclusion of the first phase of discovery.

A summary of SCVNGR's proposed schedule for discovery and filing motions is included below:

| Activity | Deadline for Completion/Filing |
| --- | --- |
| Fact Discovery (Abandonment Only) | May 6, 2011 |
| Motions to Amend Pleadings and/or to Join Parties | August 1, 2011 |
| Remaining Fact Discovery | October 3, 2011 |
| Disclosure of Initial Expert Witnesses and Reports | November 7, 2011 |
| Expert Discovery | January 9, 2012 |
| Dispositive Motions | February 6, 2012 |

### B. RFP/Rosenbloom's Proposal for Discovery and Motion Deadlines

Dispositive motions shall be filed no later than **December 2, 2011**.

RFP/Rosenbloom has previously filed a motion to dismiss SCVNGR's Third and Fourth Counterclaims and Third-Party Complaint.  That motion was filed on December 30, 2010.  The parties are submitting contemporaneously herewith a stipulation setting a proposed briefing schedule for opposition and reply papers on the motion.

A summary of RFP/Rosenbloom's proposed schedule for discovery and filing motions is included below:

| Activity | Deadline for Completion/Filing |
| --- | --- |
| Add Parties/Amend Pleadings | February 28, 2011 |
| Fact Discovery | August 12, 2011 |
| Disclosure of Initial Expert Witnesses and Reports | September 16, 2011 |
| Expert Discovery | October 31, 2011 |
| Dispositive Motions | December 2, 2011 |

### C. Filing of Pre-Trial Order

In the event no dispositive motions are filed, the Joint-Pretrial Order and related filings set forth in ¶ 5(A) & (B) of the Court's Individual Practices shall be filed within thirty days after the close of expert discovery.

If dispositive motions are filed, the Joint Pre-Trial Order and related filings set forth in ¶ 5(A) & (B) of the Court's Individual Practices shall be filed within thirty days after the entry of the Court's Order resolving all dispositive motions.

Respectfully submitted,

By: s/ Jonathan J. Ross
    Brian D. Caplan
    Jonathan J. Ross
    CAPLAN & ROSS, LLP
    270 Madison Avenue, 13th Floor
    New York, New York 10016
    (212) 973-9376

    Attorneys for Plaintiff/Counterclaim Defendant RFP LLC and Third-Party Defendant Barry Rosenbloom

By: s/ Brian P. Bialas
    Julia Huston (admitted *pro hac vice*)
    Brian P. Bialas (admitted *pro hac vice*)
    FOLEY HOAG LLP
    155 Seaport Blvd.
    Boston, Massachusetts 02210
    (617) 832-1000

    Gregory P. Gulia
    Vanessa C. Hew
    DUANE MORRIS LLP
    1540 Broadway
    New York, New York 10036
    (212) 692-1000

    Attorneys for Defendant/Counterclaim Plaintiff/Third-Party Plaintiff SCVNGR, Inc.

Dated: January 6, 2011

- 8 -

CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2011, Defendant/Counterclaim Plaintiff/Third-Party Plaintiff SCVNGR, Inc. filed this Joint Statement with the Clerk of the Court via ECF and served it in accordance with the Southern District's Rules on Electronic Service upon the following:

Brian D. Caplan
Jonathan J. Ross
CAPLAN & ROSS, LLP
270 Madison Avenue, 13th Floor
New York, New York 10016
(212) 973-9376

By:  s/ Brian P. Bialas
Brian P. Bialas

B3828488.1