UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X
RFP LLC,                                              :
                                                      :
                        Plaintiff,                    :    Case No.: 10 Civ. 8159 (DLC)
                                                      :
            -against-                                 :
                                                      :
SCVNGR, INC.,                                         :
                                                      :
                        Defendant.                    :
                                                      :
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X
SCVNGR, INC.,                                         :
                                                      :
                        Third-Party Plaintiff,        :
                                                      :
            -against-                                 :
                                                      :
BARRY ROSENBLOOM,                                     :
                                                      :
                        Third-Party Defendant.        :
                                                      :
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF–
COUNTERCLAIM DEFENDANT RFP LLC AND THIRD-PARTY
DEFENDANT BARRY ROSENBLOOM'S MOTION TO DISMISS
SCVNGR, INC.'S THIRD AND FOURTH COUNTERCLAIMS AND
THIRD-PARTY COMPLAINT**

---

CAPLAN & ROSS, LLP
270 Madison Avenue, 13th Floor
New York, New York 10016
(212) 973-2376

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

POINT  I     SCVNGR'S FAILURE TO ADEQUATELY ALLEGE ITS CLAIMS FOR
TORTIOUS INTERFERENCE AND DECEPTIVE TRADE PRACTICES
MANDATES DISMISSAL OF THOSE CLAIMS WITH PREJUDICE ............. 2

A.    SCVNGR Does Not Dispute that its Allegations, Even Taken As True, Do Not
Support a Claim for Tortious Interference with Contract. ...................................... 2

B.    SCVNGR's Allegations Likewise Do Not Support a Claim for Tortious
Interference with a Prospective Business Relationship. ......................................... 3

C.    SCVNGR Fails to Adequately Plead its Claims for Deceptive Trade Practices
under Section 349 of the New York General Business Law. .................................. 7

1.    SCVNGR Misunderstands How the Business to Business Exception Bars
its § 349 Claim. ......................................................................................... 7

2.    SCVNGR Has Not Alleged "Consumer-Oriented" Conduct by RFP or
Rosenbloom. .............................................................................................. 8

CONCLUSION ............................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*A&A Jewellers Ltd. v. Bogarz, Inc.*
  2005 WL 2175164 (W.D.N.Y. Sept. 7, 2005) ........................................................... 4, 5

*Ashcroft v. Iqbal*
  129 S. Ct. 1937 (2009) ................................................................................................ 9

*Balakrishnan v. Kusel*
  2009 WL 1291755 (E.D.N.Y. May 8, 2009) ................................................................ 3

*Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 785 N.Y.S.2d 359 (N.Y. 2004) .............................. 4, 5, 6

*Constantin Assoc. v. Kapetas*
  17 Misc.3d 1137(A), 851 N.Y.S.2d 68, 2007 WL 4294732 (N.Y. Sup. Ct. 2007) .................. 2

*Diario El Pais, S.L. v. Nielsen Company, (US), Inc.*
  2008 WL 4833012 (S.D.N.Y. Nov. 6, 2008) ............................................................... 6

*Exxonmobil Inter-America, Inc. v. Advanced Information Engineering Services, Inc.*
  328 F.Supp.2d 443 (S.D.N.Y. 2004) .......................................................................... 7

*Friedman v. Cold Water Creek, Inc.*
  551 F.Supp.2d. 164 (S.D.N.Y. 2008), *aff'd* 2009 WL 932546 (2d Cir. Apr. 8, 2009) .......... 4, 5

*Gottlieb Development LLC v. Paramount Pictures Corp.*
  590 F.Supp.2d 625 (S.D.N.Y. 2008) .......................................................................... 7

*International Design Concepts LLC v. Saks Incorporated*
  486 F.Supp.2d 229 (S.D.N.Y. 2007) ......................................................................... 7, 9

*Iqbal v. Hasty*
  490 F.3d 143 (2d Cir. 2007) ...................................................................................... 6

*Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co.*
  2009 WL 891837 (W.D.N.Y. Feb. 5, 2009) ................................................................ 5

*Karam Prasad, LLC v. Cache, Inc.*
  2007 WL 2438396 (S.D.N.Y. Aug. 27, 2007) ........................................................... 10

*Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) .................................... 4

*LBB Corp. v. Lucas Distribution, Inc.*
  not reported in F.Supp.2d, 2008 WL 2743751 (S.D.N.Y. July 14, 2008) ...................... 9

*Macquarie Group Ltd. v. Pac. Corporate Group, LLC*
  C.A. No. 08-2113, 2009 U.S. Dist. LEXIS 16554 (S.D. Ca. March 2, 2009) ................ 10

*Mattel, Inc. v. Robarb's, Inc.*
  2001 WL 913894 (S.D.N.Y. Aug. 14, 2001) .............................................................. 3

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*
  85 N.Y.2d 20, 623 N.Y.S.2d 529 (N.Y. 1995) ......................................................... 8, 10

*P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*
    232 F.Supp.2d 220 (S.D.N.Y. 2002)................................................................................ 4

*School of Visual Arts v. Kuprewicz*
    771 N.Y.S.2d 804 (N.Y. Sup. Ct. 2003) .................................................................... 6

*Stadt v. Fox News Network LLC*
    719 F.Supp.2d 312 (S.D.N.Y. 2010)................................................................... 8, 9

*Williams v. Citigroup, Inc.*
    2009 WL 3682536 (S.D.N.Y. Nov. 2, 2009) ....................................................... 5

## PRELIMINARY STATEMENT

SCVNGR, Inc.'s ("SCVNGR") Opposition to the Motion to Dismiss of Plaintiff-Counterclaim Defendant RFP LLC ("RFP") and Third-Party Defendant Barry Rosenbloom ("Rosenbloom") wholly fails to address the deficiencies that exists in its claims for (i) tortious interference with a business relationship and (ii) deceptive trade practices under Section 349 of the New York Consumer Protection statute.

With regard to its tortious interference claims, SCVNGR attempts to skirt its inability to make out a claim by calling it one for interference with a prospective business relationship. But the actual allegations of the claims unequivocally assert interference with SCVNGR's "*existing* business relationship*" with Bremer Jewelry. As Bremer simply did not breach any contract or business relationship that it had with SCVNGR, the claim cannot be sustained. SCVNGR likewise cannot meet the more stringent standards for an interference with *prospective* business relationships, as SCVNGR does not dispute that it has failed to allege criminal, independently tortious, or malicious conduct by Movants. Moreover, SCVNGR fails to rebut controlling authority that RFP's conduct was justified. Finally, SCVNGR does not even allege that it lost any business opportunity because of RFP's conduct. Quite to the contrary, the Bremer Jewelry event actually went off as planned. This undisputed fact alone mandates dismissal of the claim.

Likewise, SCVNGR's §349 claims have no merit. Indeed, SCVNGR's arguments in opposition to the Motion only lends support to Movants' argument that it should be dismissed, since SCVNGR's Opposition in fact only identifies alleged damages to itself, not the consumer.

The subject claims should thus be dismissed with prejudice and without leave to amend.[1]

---

[1] During the January 14, 2011 Initial Conference in this Action, SCVNGR declined the opportunity to amend the Claims in the face of the Motion. SCVNGR's opposition likewise does not seek leave to amend.

## ARGUMENT

## POINT I

### SCVNGR'S FAILURE TO ADEQUATELY ALLEGE ITS CLAIMS FOR TORTIOUS INTERFERENCE AND DECEPTIVE TRADE PRACTICES MANDATES DISMISSAL OF THOSE CLAIMS WITH PREJUDICE

**A.      SCVNGR Does Not Dispute that its Allegations, Even Taken As True, Do Not Support a Claim for Tortious Interference with Contract.**

In the Opposition, SCVNGR attempts to side-step its inability to plead a valid claim for tortious interference with contract by calling its claim one for interference with a prospective business relationship. But SCVNGR simply cannot ignore the deficiencies of its claim by naming it something other than it is.

As the Counterclaims and Third-Party Complaint unequivocally allege, SCVNGR "had an *existing* business relationship with Bremer Jewelry…" Counterclaims, ¶ 28; Third-Party Complaint, ¶ 8, and the alleged injury is to that existing relationship. SCVNGR does not claim any harm to any *prospective* relationship or economic advantage. Accordingly, as a matter of law, the claim is one for interference with contract, not interference with *prospective* business relationships. As explained in *Constantin Assoc. v. Kapetas*, 17 Misc.3d 1137(A), 851 N.Y.S.2d 68, 2007 WL 4294732, at *2 (N.Y. Sup. Ct. 2007):

> Next, I address plaintiff's motion to dismiss defendants' third counter-claim for "Tortious Interference with Existing Business Relationships," which I will treat as a claim for tortious interference with contract. While tortious interference with *prospective* business relationships is actionable under New York law as tortious interference with prospective economic advantage, actions based on interference with *existing* business relationships require the existence of a contract.

As set forth in Movants' initial papers, and undisputed by SCVNGR in its opposition, SCVNGR has not alleged, and cannot allege, the requisite elements of such a claim, which are:

2

> (1) the existence of a valid contract or business relationship between the plaintiff and a third party; (2) defendant's knowledge of that relationship; (3) defendant's intentional procurement of the third-party's breach of the contract or termination of the relationship; (4) without justification; (5) actual breach of the relationship; and (6) damages resulting therefrom.

*Mattel, Inc. v. Robarb's, Inc.*, 2001 WL 913894, *9 (S.D.N.Y. Aug. 14, 2001) (using tortious interference with contract elements to analyze counterclaim for tortious interference with business relations). SCVNGR does not even allege any breach by Bremer of the existing contractual relationship between them, let alone a breach that was solely caused by RFP's notice letter.[2] This is fatal to SCVNGR's claim because, "in a tortious interference with contract action, it is axiomatic that there must be a breach of that contract by the other party and the plaintiff must identify a specific contractual term that was breached." *Balakrishnan v. Kusel*, 2009 WL 1291755, *11 (E.D.N.Y. May 8, 2009). Moreover, and as detailed in Movants' initial papers, RFP's transmittal of the notice letter was economically motivated and justified by its trademark rights. SCVNGR's opposition does not dispute either the relevant facts or the law concerning such justification. There is simply no basis for the tortious interference with existing business relations claims.

**B.    SCVNGR's Allegations Likewise Do Not Support a Claim for Tortious Interference with a Prospective Business Relationship.**

Even if SCVNGR's claim were to be construed as one for tortious interference with a *prospective* business relationship, it is still insufficient. First, SCVNGR must either plead that defendant's conduct was criminal or independently tortious, *Carvel Corp. v. Noonan*, 3 N.Y.3d

---

[2] Indeed, the Bremer Bloomington Contest proceeded as planned. As alleged in RFP's Complaint "Defendant took no steps whatsoever to remove 'Race for the Rock' from any promotional or marketing materials maintained, provided, and under the control of Defendant…used in connection with the Bloomington Contest." Complaint, ¶ 33. SCVNGR admits this allegation. Answer, ¶ 33. And of course, SCVNGR does not allege that Bremer did not meet all of its obligations to SCVNGR in connection with that contest.

182, 190, 785 N.Y.S.2d 359 (N.Y. 2004) or that "the defendant acted solely out of malice, or used dishonest, unfair, or improper means." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006).

In its Opposition, SCVNGR does not dispute that Movants' alleged conduct was not criminal or independently tortious. Nor does SCVNGR dispute that it has failed to allege that Movants' conduct was motivated by malice. Clearly it was not. It was motivated by RFP's legitimate interest in protecting its valid trademark rights. SCVNGR's opposition wholly ignores Movants' justification for their actions and does not cite to a single case with similar circumstances to the facts at hand with a favorable outcome to SCVNGR's position.[3]

SCVNGR rests its entire theory of tortious interference liability on its claim that Movants utilized "improper" or "wrongful" means to interfere with its business relationship with Bremer. Specifically, SCVNGR claims that Movants' allegedly false statements to Bremer, alone, are sufficient to constitute "improper means" for purposes of a tortious interference claim. However, SCVNGR wrongly puts all of its eggs in that basket, as the controlling law is clear that mere alleged misrepresentations, without more, do not constitute "wrongful" or "improper" means. *See Friedman v. Cold Water Creek, Inc.*, 551 F.Supp.2d. 164 (S.D.N.Y. 2008), *affirmed by* 2009 WL 932546, *1 (2d Cir. Apr. 8, 2009) ("The New York Court of Appeals has never held that *any* misrepresentation to a third party is sufficient to sustain a claim for tortious interference with prospective economic relations.") (emphasis in original). SCVNGR relies on a single,

---

[3] SCVNGR's opposition brief relies instead on abstract notions of law as applied to insurance or other non-applicable circumstances. In contrast, the Motion to Dismiss discussed tortious interference in the context of two intellectual property actions, both of which held that a cease-and-desist letter to a stream-of-commerce customer did not constitute tortious interference. *P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*, 232 F.Supp.2d 220 (S.D.N.Y. 2002), held that the plaintiff was economically justified in sending the cease-and-desist letter. *A&A Jewellers Ltd. v. Bogarz, Inc.*, 2005 WL 2175164 (W.D.N.Y. Sept. 7, 2005) held similarly.

anomalous case for the proposition that a "misrepresentation alone is sufficient to constitute 'improper means' to support [its] tortious interference claims."  Opposition, at 4, citing *Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co.*, 2009 WL 891837 (W.D.N.Y. Feb. 5, 2009).  But, the great weight of authority holds to the contrary.  In *Friedman v. Cold Water Creek, Inc.*, the court held, and the Second Circuit affirmed, that "[p]leading the presence of false statements alone is not enough to support a claim for tortious interference after *Carvel*…the false statements must constitute an independent crime or tort, be made solely out of malice, or amount to 'extreme and unfair' economic pressure."  551 F.Supp.2d at 170 (emphasis supplied).  The holding of *Friedman* was confirmed by *Williams v. Citigroup, Inc.*, 2009 WL 3682536 (S.D.N.Y. Nov. 2, 2009), another Southern District case which was decided after the Western District decided *Jim Mazz Auto*.

A misrepresentation, like the one alleged to have been made by RFP and/or Rosenbloom in the instant action, simply does not rise to the level of the "more culpable" conduct discussed by the New York Court of Appeals in *Carvel*.  *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190.  Indeed, identical conduct, i.e. the writing of an allegedly false letter advising a third party of a purported intellectual property interest and an alleged intellectual property infringement, has been held to be permissible and not "wrongful conduct." *See A & A Jewellers Limited v. Bogarz, Inc.*, 2005 WL 2175164 (W.D.N.Y. Sept. 7, 2005) (defendant's copyright infringement notice to plaintiff's retailers was not "wrongful" even though plaintiff alleged that defendant knew plaintiff, and not defendant, was the owner of the disputed copyright). It is clear that alleged misrepresentations, by themselves, are not sufficiently "culpable" conduct to warrant a claim of tortious interference.

SCVNGR argues that the purported misrepresentations at issue here are one of the

"certain types of misrepresentations [which] are 'more culpable.'" Opposition at 7.  In making this conclusion, SCVNGR relies on dicta of *Carvel* in which the Court explained that the defendant did not engage in any egregious conduct that might have swayed the Court's decision that defendant did not engage in culpable conduct, such as luring customers away from plaintiffs by misrepresentation.  *Carvel*, at 190-92.  SCVNGR then attempts to draw a parallel between conduct that the *Carvel* defendant did not engage in and which was not decided to be culpable conduct – the luring away of customers from its franchisees – and Movants' conduct.  It is alleged that Movants' "misrepresentation…induc[ed] Bremer to request that SCVNGR remove the Mark from advertisements and promotions."  This is, in no way, parallel to an accusation of unfair competition or any sort of egregious conduct which would justify the imposition of a tortious interference claim.  RFP and/or Rosenbloom did not lure Bremer away from SCVNGR.  Nor did RFP and/or Rosenbloom drive Bremer away from SCVNGR's business.  All RFP did was advise Bremer of RFP's trademark rights.

Indeed, in order for a claim of tortious interference with a prospective business relationship to be actionable, the claimant must at least plead a business opportunity that was lost by reason of the defendant's conduct.  "To render [SCVNGR's] tortious interference claim 'plausible,' *Iqbal*, 490 F.3d at 158 (2d Cir. 2007), [SCVNGR] must provide some factual allegations that but-for [Movants'] alleged acts," it would have entered into a contract with Bremer.  *Diario El Pais, S.L. v. Nielsen Company, (US), Inc.*, 2008 WL 4833012, *7 (S.D.N.Y. Nov. 6, 2008).  "It is settled that an essential element of [the intentional interference with prospective economic advantage] tort is that the plaintiff would have consummated the contract with another person *but for* the interference of the defendant."  *Id.*, *quoting School of Visual Arts v. Kuprewicz*, 771 N.Y.S.2d 804, 813 (N.Y. Sup. Ct. 2003) (emphasis in original).

Here, SCVNGR makes no such allegation because it cannot.  SCVNGR simply did not

lose the Bremer opportunity, and thus does not allege that it did.  Accordingly, the absence of

this essential element of the claim mandates its dismissal.

**C.**     **SCVNGR Fails to Adequately Plead its Claims for Deceptive Trade Practices under Section 349 of the New York General Business Law.**

      **1.**     **SCVNGR Misunderstands How the Business to Business Exception Bars its § 349 Claim.**

Movants do not claim that SCVNGR is barred from bringing a § 349 claim because it is a

business, but rather because the relationship between RFP, Bremer and SCVNGR, all business

entities, is not typical of the traditional consumer-seller relationship targeted by the statute.  "The

typical violation contemplated by the statute involves an individual consumer who falls victim to

misrepresentations made by a seller of consumer goods usually by way of false and misleading

advertising."  *Gottlieb Development LLC v. Paramount Pictures Corp.*, 590 F.Supp.2d 625, 636

(S.D.N.Y. 2008) (citations omitted).  Here, by contrast, RFP is not alleged to have sold goods or

services to anyone, including Bremer, another company.[4]

Moreover, RFP, Bremer and SCVNGR are all sophisticated business entities with equal

bargaining power.  "[A]llegedly deceptive acts that occur between relatively sophisticated

entities with equal bargaining power do not give rise to § 349 liability.  Large businesses are not

the small-time individual consumers § 349 was intended to protect."  *Exxonmobil Inter-America,*

*Inc. v. Advanced Information Engineering Services, Inc.*, 328 F.Supp.2d 443, 449 (S.D.N.Y.

2004).  Put simply, "disputes between businesses are not encompassed within section 349."

*International Design Concepts LLC v. Saks Incorporated*, 486 F.Supp.2d 229, 239 (S.D.N.Y.

---

[4] SCVNGR's attempt to parallel Plaintiff's §349 claim to its own is misguided.  The two claims are not identical as RFP specifically alleges that SCVNGR made false representations to the consuming public (the participants in its races), not to other businesses.  In any event, RFP's claim against SCVNGR is not the subject of this motion.

2007) (dismissing §349 claim because defendant's alleged conduct – assessing chargebacks to plaintiff, a business in the distribution chain of defendant's product – was directed at another business, not the consuming public).

**2. SCVNGR Has Not Alleged "Consumer-Oriented" Conduct by RFP or Rosenbloom.**

With regard to RFP and Rosenbloom's motion to dismiss SCVNGR's § 349 claim, SCVNGR's own arguments do nothing except bolster support for dismissal of the claim.

First and foremost, "as a threshold matter, plaintiffs claiming the benefit of section 349- whether individuals or entities ... must charge conduct of the defendant that is consumer-oriented." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (N.Y. 1995). Conduct is defined as "consumer-oriented" where the alleged acts or practices "have a broader impact on consumers at large." *Id.* Regardless of whether those harmed by the alleged deceptive conduct are those same persons who were misled by the deceptive conduct (as distinguished by the Opposition, at 9-10, n. 7), "the gravamen of the [section 349 claim] must be consumer injury or harm to the public interest." *Stadt v. Fox News Network LLC*, 719 F.Supp.2d 312, 323-24 (S.D.N.Y. 2010). It is plain that SCVNGR has failed to allege any such consumer injury or harm. All that SCVNGR's claims allege is that:

1. "RFP's false claims to Bremer…constitute unlawful and deceptive acts and practices in the conduct of business, trade, or commerce and/or in the furnishing of a service in the State of New York and have harmed SCVNGR and members of the public in violation of § 349 of the New York General Business Law." Counterclaims, ¶ 36;

2. "RFP's aforesaid acts have deceived Bremer as to the ownership of the trademark rights to the mark RACE FOR THE ROCK." Counterclaims, ¶ 37; and,

3. "As a result of RFP's actions, Bremer contacted SCVNGR and demanded that SCVNGR remove all uses of the mark RACE FOR THE ROCK from advertisements and promotions for the services SCVNGR was providing for Bremer." Counterclaims, ¶ 37.

This is the extent of SCVNGR's allegations of consumer harm in the Counterclaims, which are echoed in the Third-Party Complaint as against Rosenbloom in his individual capacity.

The first allegation is conclusory.  Just because SCVNGR alleges that RFP and/or Rosenbloom have "harmed…members of the public," does not make it so.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  The second allegation essentially alleges consumer confusion, which does not rise to actionable or sufficient consumer harm to state a § 349 claim.  *Stadt v. Fox News Network LLC*, 719 F.Supp.2d 312, 323-24 (S.D.N.Y. 2010), *citing LBB Corp. v. Lucas Distribution, Inc.*, 2008 WL 2743751, *3 (S.D.N.Y. July 14, 2008) (dismissing § 349 claim where plaintiff failed to allege harm other than consumer confusion).  The third allegation of harm, that Bremer demanded that SCVNGR remove the Mark from advertisements and promotions for the services SCVNGR was providing for Bremer and, as further alleged in its Opposition brief, "potentially affecting the consuming public's perception of and participation in Bremer's contest," Opposition at 9-10, clearly alleges a harm to SCVNGR and Bremer, not to consumers.[5]  That SCVNGR was asked to remove the Mark from its advertisements[6] does nothing but ensure that SCVNGR does not unfairly compete with RFP.  That the public's decision to participate in the Bloomington Contest could have been affected (but was not since SCVNGR did not change anything) by SCVNGR's inability to advertise and promote the contest using the Mark is an allegation of harm to SCVNGR and

---

[5] Although RFP's conduct is alleged to have had an impact on the consuming public, the allegations cannot be said to allege conduct which is underlined directed at the consuming public.  *See International Design*, at 239 (holding no 349 claim alleged where alleged conduct may have had an impact on the consuming public, but the allegations did not allege conduct directed at the consuming public).

[6] In actuality, SCVNGR does not deny that it failed to remove the Mark from advertisements and promotions in connection with the Bremer Bloomington Contest.  *See* note 2, *supra*.

Bremer.  The consuming public would not have been harmed, as it would be in the case of

upwards price-fixing, as in *Macquarie Group Ltd. v. Pac. Corporate Group, LLC*, C.A. No. 08-

2113, 2009 U.S. Dist. LEXIS 16554, *24 (S.D. Ca. March 2, 2009) cited by SCVNGR's

Opposition, at 10.  There is no allegation that the public has been duped or somehow injured, but

only that SCVNGR itself could have lost customers or revenue.  As such, SCVNGR has failed to

allege actionable conduct under § 349.  *See Karam Prasad, LLC v. Cache, Inc.*, 2007 WL

2438396, at *2 (S.D.N.Y. Aug. 27, 2007) (citations omitted) ("Claims that arise out of a

trademark infringement action, and disputes between competitors where the core of the claim is

harm to another business as opposed to consumers, both constitute situations which courts have

found to reflect a public harm that is too insubstantial to satisfy the pleading requirements of §

349.").  The alleged misrepresentations here are indeed "unique to the parties," involve a

"private" "dispute," that does "not fall within the ambit of the …statute." *Oswego*, at 25.

## CONCLUSION

        For all of the foregoing reasons and the reasons set forth in Movants' initial papers,

Movants respectfully request that the Third and Fourth Counterclaims and Third Party Complaint

be dismissed with prejudice, and that Movants be granted such other and further relief as the

Court deems just, proper and equitable.

Dated: New York, New York
        February 10, 2011                    CAPLAN & ROSS, LLP

                                             By:  /s/ Jonathan J. Ross
                                                  Brian D. Caplan (BC-1713)
                                                  Jonathan J. Ross (JR-0581)
                                             270 Madison Avenue, 13th Floor
                                             New York, New York 10016
                                             (212) 973-2376
                                             Attorneys for Plaintiff-Counterclaim Defendant
                                             RFP LLC and Third-Party Defendant Barry
                                             Rosenbloom