USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/22/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RFP LLC,

Plaintiff,

-against-

SCVNGR, INC.,

Defendant.

SCVNGR, INC.,

Third-Party Plaintiff,

-against-

BARRY ROSENBLOOM,

Third-Party Defendant.

10 Civ. 8159 (DLC)

**CONSENT PROTECTIVE ORDER**

Upon the stipulation and agreement of the parties, through their undersigned counsel of record, and for good cause shown,

**IT IS HEREBY ORDERED** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following terms and conditions shall govern the disclosure and use of information (including documents, testimony, answers to interrogatories, admissions, data, other materials, and their contents) in this litigation:

1. This Order shall be binding on: (a) each named party; and (b) each third-party who receives "Confidential Information" in connection with this litigation. Confidential Information shall mean all documents, testimony and other information that are designated as

"Confidential" or "Highly Confidential" pursuant to the provisions of this Order. For the purposes of this Order, the term "party" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

2. To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information, imposes obligations on persons receiving Confidential Information to protect such information from unauthorized use or disclosure, and establishes a procedure whereby confidentiality designations may be challenged. This Order applies only to information produced or disclosed during the course of this litigation, either by the parties to the suit or by third-parties, that is not otherwise publicly available.

3. All information produced or discovered in this litigation, regardless of whether it is designated confidential, shall be used solely for the prosecution or defense of this litigation and for no other purpose, unless such information has become publicly available without a breach of the terms of this Order.

4. The designation "Confidential" shall be limited to information that the disclosing party reasonably believes is of a proprietary or commercially sensitive nature or should otherwise be subject to confidential treatment.

5. The designation "Highly Confidential" shall be limited to information that the disclosing party reasonably believes contains a trade secret, is of a highly sensitive commercial nature, or should otherwise be subject to "Highly Confidential" treatment.

6. To designate information "Confidential" or "Highly Confidential," a disclosing party must so mark it. Either designation may be withdrawn by the disclosing party. The

disclosing party must mark the first page of each document or each significant component of each object containing Confidential Information with the appropriate designation as required. A cover letter may be used, if appropriate, to designate computerized data as "Confidential" or "Highly Confidential."

7. The failure to designate correctly any Confidential Information produced or disclosed in this litigation does not waive the confidentiality otherwise attaching to the Confidential Information. Upon a disclosing party's discovery that information was incorrectly designated, that disclosing party shall provide written notice to the other litigants that the information was inappropriately designated. The disclosing party shall then have seven (7) business days in which to redesignate the information. In the interim, the information may not be used in a manner inconsistent with the notice.

8. Inadvertent production of information that a disclosing party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Material"), will not be deemed to waive any privilege. Upon discovery by a disclosing party that it has produced Inadvertently Produced Privileged Material, the disclosing party shall promptly notify all parties to which such information was produced. A disclosing party may demand the return of any Inadvertently Produced Privileged Material by identifying the information inadvertently produced and stating the basis for withholding such information from production. If a disclosing party demands the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material in the custody of another party, the possessing party shall within three (3) business days return to the disclosing party the Inadvertently Produced Privileged Material (and all copies thereof including electronically stored copies) and shall expunge from any other document or

material any information reflecting the contents of the Inadvertently Produced Privileged Material. The party returning such material may then move the Court for an order compelling production of the material, as may be appropriate.

9. Subject to the provisions of Paragraph 11, and except as provided in Paragraph 12, information designated "Confidential" may only be disclosed to:

a) The parties, or employees of the parties who are actively involved in assisting with the prosecution or defense of this action;

b) In-house counsel for the parties who are actively involved in the prosecution or defense of this action;

c) Outside counsel of record for the parties in this action;

d) Consulting or testifying experts retained by counsel in this litigation;

e) The Court;

f) Court reporters (including audio and video);

g) Special masters;

h) Private arbitrators and mediators;

i) The direct staff of, and any contract support personnel employed or retained by the foregoing persons, provided that they are actively involved in this litigation; and

j) Others specifically identified and authorized in writing by the disclosing party.

10. Subject to the provisions of Paragraph 11, and except as provided in Paragraph 12, information designated "Highly Confidential" may only be disclosed to:

a) Outside counsel of record for the parties in this action;

b) Consulting or testifying experts retained by counsel in this litigation who need access to the Highly Confidential Information in order to perform their responsibilities;

c) The Court;

d) Court reporters (including audio and video);

e) Special masters;

f) Private arbitrators and mediators;

g) The direct staff of, and any contract support personnel employed or retained by the foregoing persons, provided that they are actively involved in this litigation; and,

h) Others specifically identified and authorized in writing by the disclosing party.

11. Before receiving any Confidential Information pursuant to Paragraphs 9 or 10 of this Order, or before any other person who the parties may hereafter agree in writing may receive Confidential Information, the following individuals must also execute the "Acknowledgement of Protective Order" attached hereto as Exhibit A, confirming that they, as well as any direct staff or contract support personnel employed or retained by them, will strictly adhere to the terms of this Order:

a) Consulting or testifying experts retained by counsel in this litigation;

b) Private arbitrators and mediators; or,

c) Any person pursuant to paragraphs 9(j) and 10(h) above who the parties may hereafter agree in writing may receive Confidential Information.

Outside Counsel of Record in the action for the party disseminating the Confidential Information to any of the foregoing persons shall be responsible for obtaining and retaining the required signatures.

12. A party may utilize Confidential Information in the course of examining a witness during a deposition as follows:

a) During the deposition of any expert retained either by counsel or a named party to testify in this litigation, the party conducting the deposition may utilize the Confidential Information provided by any disclosing party relevant to the scope of the expert's testimony.

b) During the deposition of any non-expert witness, the party conducting the deposition may utilize: (i) its own Confidential Information; and (ii) the Confidential Information provided by, or previously disclosed to, the named party or third-party being deposed. A party's use of its own Confidential Information during such a deposition shall not, standing alone, constitute a waiver of the confidentiality attaching to that information.

13. If the Confidential Information of a deposing party is revealed during a deposition of a non-expert witness, the witness (and if the witness is a non-party, his or her counsel as well) shall be prohibited from disclosing such Confidential Information to others or otherwise making any use of such information other than in connection with this litigation.

14. Deposition transcripts shall presumptively be considered to have been designated "Highly Confidential" for a period of thirty (30) days following delivery of the official transcript to the witness and the other parties. In the interim, and upon further review of the transcript, the deponent, his or her counsel, or any other party may redesignate all or portions of the transcript

as "Confidential," or "Highly Confidential," which designation shall remain in effect for the duration of this Order. The deponent, his or her counsel, or another party making such a designation must advise counsel of record and the court reporter of any changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this paragraph, the container for the videocassette, videotape, CD-ROM, DVD, or other recording format as may have been used, shall be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during a deposition.

15. In connection with all pleadings, motions, briefs, memoranda, and related submissions containing Confidential Information, the filing party will request that all such information be filed under seal in accordance with the procedures set forth in ¶4(A) of the Court's Individual Practices in Civil Cases.

16. The following procedures shall govern any challenges to confidentiality designations:

a) If a party reasonably believes that information produced in this litigation should not have been designated "Confidential" or "Highly Confidential," it must serve the disclosing party with a written objection that identifies the information at issue and states its reasons for questioning the confidentiality designation. The disclosing party must respond in writing such that its response is received within five (5) business days of service of the objection or as otherwise ordered by the Court.

b) If the party challenging the confidentiality designation is not satisfied by the disclosing party's response, it may then apply to the Court, on notice to all parties, for appropriate relief. Pending the resolution of such application, the confidentiality

designation shall remain in effect. If the Court rules that the information should not be designated confidential, the original designation shall remain in effect for five (5) business days after the entry of the Court's Order to afford the designating party an opportunity to seek any available relief from the Order.

17. This Order shall survive the termination of this litigation. Within ninety (90) days of final termination of this litigation, the parties must return to the disclosing parties or destroy all Confidential Information in their possession, except that counsel of record for the parties in this action may keep copies of Confidential Information for their files. When each party has completed its obligations under this Paragraph, it shall provide written notice to that effect to each disclosing party.

18. Any party or person receiving Confidential Information covered by this Order that receives a request, subpoena or other judicial directive calling for production or disclosure of Confidential Information shall, as soon as practicable, and in all events prior to the return date for production, give written notice to the disclosing party and to its counsel of record in this action identifying the information sought and enclosing a copy of the requesting document. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential Information without consent of the disclosing party unless and until: (a) the disclosing party fails to timely object to or otherwise seek relief from the requesting document; or (b) notwithstanding the disclosing party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

So ordered:
Denise Cote
3/22/11

Dated: March 21, 2011

**CONSENTED TO AND AGREED:**

CAPLAN & ROSS, LLP

By: ______________________
Brian D. Caplan (BC 0713)
Jonathan J. Ross (JR 0581)
270 Madison Avenue, 13th Floor
New York, New York 10016
Phone: (212) 973-2376

Attorneys for
*Plaintiff/Counterclaim Defendant and Third Party Defendant*

FOLEY HOAG LLP

By: ______________________
Julia Huston (admitted pro hac vice)
Brian P. Bialas (admitted pro hac vice)
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

DUANE MORRIS LLP

By: ______________________
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036
(212) 692-1000

*Attorneys for Defendant/Counterclaimant and Third Party Plaintiff*

**SO ORDERED:**

______________________, 2011

______________________________________
Honorable Denise L. Cote
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RFP LLC,
Plaintiff,

-against-

SCVNGR, INC.,
Defendant.

SCVNGR, INC.,
Third-Party Plaintiff,

-against-

BARRY ROSENBLOOM,
Third-Party Defendant.

10 Civ. 8159 (DLC)

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

Name: ______________________________

Company: ______________________________

______________________________

Address: ______________________________

______________________________

Telephone: ______________________________

I have read and acknowledge that I am bound by the Consent Protective Order entered in this action, and understand that this Order shall also be binding upon my direct support staff and other personnel who may assist in my work on this matter. I consent to this Court's jurisdiction over any issue relating to the enforcement of the Protective Order or this Acknowledgement.

____________________ ____________________

Signature Date

EXHIBIT "A"